IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TYRONE ANDERSON, | § | |
| | § | No. 72, 2018 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID N1608006981 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: December 4, 2018
Decided: December 4, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## O R D E R

Upon consideration of the appellant's Supreme Court Rule 26(c) brief, his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:

(1)    In November 2017, a Superior Court jury found the defendant-appellant, Tyrone W. Anderson, guilty of four counts of Drug Dealing Heroin, four counts of Aggravated Possession of Heroin, one count of Conspiracy in the Second Degree, and one count of Attempted Possession of Heroin. The Aggravated Possession counts merged with the Drug Dealing counts for sentencing. The Superior Court sentenced Anderson to a total period of fifty-nine years and six months at Level V incarceration, to be suspended after

serving twenty years in prison for decreasing levels of supervision. This is Anderson's direct appeal.

(2)     Anderson's counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, counsel informed Anderson of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief. Anderson also was informed of his right to supplement counsel's presentation.

(3)     In response to his counsel's Rule 26(c) brief, Anderson submitted three points for the Court's consideration. First, he contends that his right to a fair trial before an impartial jury may have been violated by the trial judge's response to a jury note. Second, he asserts that State Exhibit 8, which was an envelope containing heroin, should not have been admitted because the State failed to establish the chain of custody of the evidence. Third, he contends that the trial judge committed reversible error by failing to voir dire a juror who walked into the courtroom during a recess.

(4)     The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold:  (a) this Court must be satisfied that defense counsel has made a

conscientious examination of the record and the law for arguable claims; and (b) this Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(5) The State's evidence at trial fairly established that, in the spring of 2016, New Castle County Police Detective John Mancuso was part of an undercover investigation into drug dealing in the Belvedere community. On four separate occasions, Detective Mancuso contacted Anderson, either directly or through a cooperating individual, and arranged to meet Anderson to exchange money for drugs. All of the meetings were audio recorded, and two of the meetings were videotaped by other officers conducting surveillance. In all, Detective Mancuso bought over 1100 bags of heroin from Anderson.

(6) Anderson's first argument on appeal is that his right to a fair and impartial jury may have been violated by the Superior Court in its handling of a jury note sent during deliberations. Although requested by defense counsel in his instructions to the court reporter, the transcript of the trial judge's handling of the jury's note was not made part of the record that initially was

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

3

transmitted to the Court by the Superior Court Prothonotary. The correct transcript later was obtained by this Court and is now a part of the record on appeal.

(7) The jury note in question asked, "Why is the special circumstance (offense occurred in a vehicle) not on Counts I and II?" The jury had been instructed that Count I of the amended indictment, Drug Dealing, charged that Anderson, on or about April 19, 2016, "did knowingly deliver any morphine, opium, salt, isomer or salt of an isomer thereof, including heroin, as described by law, or any mixture containing such controlled substance."[2] The jury was instructed that Count II of the amended indictment, Aggravated Possession, charged that, on or about the same date, Anderson "did knowingly possess 1 gram or more of a morphine, opium, salt, isomer or salt of an isomer, including heroin, as described by law, or any mixture containing any such controlled substance."[3]

(8) The Superior Court responded to the jury's note by telling the jurors, "The special circumstance (offense occurred in a vehicle) was not alleged in Counts 1 and 2 of the indictment and, therefore, is not at issue in those counts." Both the prosecutor and defense counsel agreed before the

---

[2] Opening Br. App'x at A147.
[3] *Id.*

4

judge answered the note that this was the appropriate response. The judge's response was accurate and was not confusing.[4] Under the circumstances, we find no merit to Anderson's argument that the Superior Court's response to the note may have prejudiced him.

(9) Anderson's second argument on appeal is that the State failed to establish a sufficient chain of custody for its Exhibit 8, which was an envelope containing heroin. Anderson did not object to the admission of the envelope at trial. Thus, we review his claim on appeal for plain error.[5] Plain error exists when the error complained of is apparent on the face of the record and is so prejudicial to a defendant's substantial rights as to jeopardize the integrity and fairness of the trial.[6]

(10) Delaware Uniform Rule of Evidence 901(a) states that, "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."[7] The State may authenticate evidence either by having a witness identify the item as that which was

---

[4] *See Manlove v. State*, 901 A.2d 1284, 1291 (Del. 2006) (noting that trial judges have broad discretion in responding to jury questions during deliberations so long as the judge's response is not confusing or inaccurate, thus undermining the jury's ability to perform its duty).
[5] *Guy v. State*, 913 A.2d 558, 564 (Del. 2006).
[6] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).
[7] D.U.R.E. 901(a).

actually involved in the crime or by establishing a chain of custody for the item to ensure the identity and integrity of the evidence by tracing its whereabouts.[8] Under 10 *Del. C.* § 4331(1), the chain of custody for controlled substances includes the seizing officer, the packaging officer, and the forensic chemist who actually touches the substance.

(11) In this case, Detective Mancuso testified that he personally received the drugs from Anderson during each of the transactions. Detective Mancuso then turned the drugs over to Detective Burrus, who testified at trial that she and Detective Mancuso would photograph the drugs after each transaction and enter them into evidence. The forensic chemist who tested the drugs and the officer who processed the bag inside Exhibit 8 also testified. Accordingly, the State established the chain of custody for Exhibit 8. We thus find no merit to Anderson's second argument on appeal.

(12) Anderson's final claim is that the Superior Court erred in failing to voir dire a juror who walked into the courtroom during a recess and discovered defense counsel having a conversation with another lawyer. Defense counsel informed the trial judge that the juror walked into the courtroom looking for the bailiff to inquire about the jury's lunch. Defense counsel represented to the judge that he was talking to another lawyer about

---

[8] *Guinn v. State*, 841 A.2d 1239, 1241 (Del. 2004).

6

an unrelated matter, and the juror in question did not overhear anything before she was promptly escorted from the courtroom. The parties agreed that the matter did not need to be pursued. Under these circumstances, we find no plain error in the Superior Court's failure to voir dire the juror, *sua sponte*.

(13) This Court has reviewed the record carefully and has concluded that Anderson's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Anderson's counsel has made a conscientious effort to examine the record and the law and has properly determined that Anderson could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice